## WM. F. YOUNG v. STATE.

No. A-4580.    Opinion Filed Jan. 20, 1925.
(232 Pac. 447.)

(Syllabus.)

Evidence—Necessary Proof of Venue. Venue need not be proved beyond a reasonable doubt, but that does not imply that venue can be established without any proof whatever, or upon a mere conjecture or suspicion.

Appeal from District Court, Blaine County; Thos. A. Edwards, Assigned Judge.

Wm. F. Young was convicted of aiding a felon to escape, and he appeals. Reversed and remanded.

I. H. Lookabaugh, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, P. J. William F. Young, plaintiff in error, here referred to as the defendant, was on the 8th day of September, 1922, by verdict of a jury found guilty of willfully aiding a fugitive from justice to escape, with his punishment fixed at confinement in the penitentiary for a term of 5 years. From the judgment in accordance with the verdict, he appeals.

In order to intelligently treat the assignments of error a brief recital of the facts will be necessary. The testimony on the part of the state shows that Frank Burch, a negro,

and Earl Young, son of the defendant, were confined in the county jail of Blaine county upon a charge of conjoint robbery, under a commitment issued after a preliminary trial; that about 6 o'clock in the afternoon of June 5, 1922, Burch and Earl Young escaped from jail. The sheriff of Blaine county instituted a search for these fugitives in the country surrounding the town of Watonga and in adjoining counties. Among other places, a deputy sheriff went to Oklahoma City, where he remained several days anticipating that the son, Earl, might seek refuge at the home of the defendant, his father, in Oklahoma City. After watching the defendant's home and his place of business for several days, this deputy sheriff, in company with the defendant, on June 10th drove in a La Fayette roadster from Oklahoma City to Watonga, by way of El Reno and Kingfisher. Near the close of that day the defendant drove back to Kingfisher, where he had a brother who was in charge of an automobile sales agency and garage. On the day following, which was Sunday, June 11th, the defendant claims that he and his brother drove from Kingfisher, by way of El Reno, to Oklahoma City. On the highway leading from El Reno to Oklahoma City, about 4½ miles out of El Reno, two Ford cars in which there were a number of people had collided and turned partly over in a ditch by the roadside. As the defendant approached the place where this accident had occurred, the drivers of the two damaged cars and several others who were assembled there, were disputing about whose fault it was; that the defendant drove up in the La Fayette roadster and got out of his car, and after some discussion advised the drivers of the Fords that it appeared that both had been at fault, and that in his judgment neither should recover damages from the other. One of the drivers, a Mr. Zeke, then asked the defendant to take him and three others to Yukon. The defendant said he would do this.

The defendant claims that up to this time he and his

brother were the only occupants of the roadster. Two or three witnesses who were at the scene of the accident say that they saw the defendant and recognized him at the scene of the accident, and that there were two other persons in this inclosed roadster, sitting in a crouched position, who did not alight. In driving on towards Yukon and Oklahoma City with the persons whom he was carrying from the scene of the accident, the defendant and the other persons who rode with him say that the defendant sat on one side of the seat of this roadster, at the wheel; that defendant's brother sat next to defendant, in the middle of the seat; that Mrs. Zeke sat at the other end of the seat and held in her lap Mrs. Bolen; that the brother in the middle of the seat held a child about 8 years old; and that Mr. Zeke stood on the running board of the car. They all claim that, in this manner and with only the persons named in the car, they proceeded on towards Yukon, and when they had gone some 300 or 400 yards they met a car going in the opposite direction, containing three persons. Some of the witnesses say that these cars passed at a high rate of speed; others say that they were running at from 15 to 25 miles an hour. The occupants of this passing car testified that they recognized Earl Young and the negro, Frank Burch, riding on opposite running boards of this roadster. Their identification was clear cut and positive. The occupants of the defendant's car testified that neither Burch nor Earl Young were in the party, as did likewise one or two witnesses who were at the scene of the accident.

The three men who said they recognized Burch and Earl Young riding on the running boards of the La Fayette roadster had heard that these men had broken jail and were fugitives from justice, and also knew that this roadster belonged to Earl Young's father. It is fair to assume that their identification was honestly made from the fact that they proceeded on to El Reno and notified the sheriff there that they had seen these fugitives; or, at least, that they be-

lieved that the persons they had seen on the running boards of the car were these fugitives, because of the fact that they recognized the car as the car belonging to the father of one of them.

In addition to the testimony of the occupants of defendant's car, who rode from the scene of the accident to Yukon, some of whom continued on with the defendant all the way to Oklahoma City, the defendant introduced witnesses by whose testimony it was shown that Earl Young was in New Orleans with his aunt on the 11th day of June, 1922.

The defendant, by proper motions and objections in the trial court, contended, and on appeal here earnestly contends, that: First, the evidence is insufficient to support the verdict; second, that the venue of the offense, if there was an offense, was not shown to be in Blaine county.

The state's case rests entirely upon the identity of the men said to have been riding upon the running boards of this roadster. The defendant and other witnesses say that only one man rode on the running board, and that was Mr. Zeke, one of the men who was picked up at the scene of the accident. The alleged identification of the two men as Young and Burch was made as the two cars passed, going in opposite directions, at a more or less rapid rate of speed. Under such circumstances we cannot understand how the identification of these men, riding on opposite sides of a rapidly passing car, could have been so positive as the testimony shows it to have been. The writer of this opinion is inclined to look somewhat askance at such quick, spontaneous identifications. But that, like other questions of fact, was for the jury.

Assuming that this defendant did, on that occasion, convey his son and this negro in this roadster, or on the running boards thereof, for the purpose of aiding them to escape as fugitives from justice, there is no showing any-

where in the record that any part of this transportation took place in Blaine county. This court will take judicial notice that Kingfisher is the county seat of Kingfisher county, and that El Reno is the county seat of Canadian county, and that both are populous towns and railroad centers. It follows, therefore, that, if the defendant did aid these fugitives to escape, he may have picked them up in Kingfisher or some other place in Kingfisher county, or in El Reno, or some other place in Canadian county. There is nothing in the record to indicate that any part of the transportation of these fugitives, if they were indeed transported by this defendant, occurred in Blaine county; and this court would not be justified in assuming that such was the case. While it has been held, in several cases, that the venue of the offense need not be proved beyond a reasonable doubt, that does not imply that venue can be established without any proof whatever, or upon a mere conjecture or suspicion. O'Neal v. State, 17 Okla. Cr. 386, 188 P. 1092; Arnold v. State, 15 Okla. Cr. 519, 178 P. 897; Litchfield v. State, 8 Okla. Cr. 173, 126 P. 707, 45 L. R. A. (N. S.) 153; Gritts v. State, 6 Okla. Cr. 534, 118 P. 673, 120 P. 669.

The judgment of the trial court is reversed and the cause remanded.

DOYLE, J., concurs. EDWARDS, J., not participating.