MRS. P. W. POPP v. STATE.

No. A-6726.  Opinion Filed August 17, 1929.
(279 Pac. 975.)

Crowe & Crowe, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county on a charge of selling intoxicating liquor, and was sentenced to pay a fine of $500 and to serve 6 months in the county jail.

The testimony on the part of the state is that at the time charged the defendant sold a half gallon of whisky to J. H. Harden, an undercover man, employed by the chief of police, who was accompanied by one Smith, also an undercover man. Defendant denies that she sold the whisky, and offered several witnesses, members of her family, in support of her testimony.   The evidence is conflicting, presenting a question for the jury, which by their verdict they have found against defendant.

The only contention in this appeal having any merit is that there is no proof of venue.   The two principal witnesses for the state testified that at the time charged they were coming from Stillwater to Enid and stopped at the Popp farm and bought a half gallon of whisky; this being the transaction upon which the charge is predicated.   There is no testimony whatever as to where the Popp farm is located, how far from Enid or any other city or place.   So far as the record is concerned it may be in either Payne, Noble, or Garfield county.   Neither does the testimony of any of the witnesses for defendant fix the location of the Popp farm, its distance from any

town, place, or geographical object. Certainly we cannot take judicial notice that the Popp farm is in Garfield county. Venue or proof of venue has been considered by this court in numerous decisions. It is well settled that it need not be proven beyond a reasonable doubt, and may be shown by circumstantial evidence, or by reference to the location of some town, stream, boundary, or natural object, of the location or venue of which the court takes judicial knowledge. We have adopted a rule as liberal as the law will permit. There must, however, be some proof of venue. It cannot be established without any proof whatever or upon a mere conjecture or suspicion, and, where there is no proof of venue, the case must be reversed. Litchfield v. State, 8 Okla. Cr. 164, 126 Pac. 707, 45 L. R. A. (N. S.) 153; O'Neal v. State, 17 Okla. Cr. 386, 188 Pac. 1092; Young v. State, 29 Okla. Cr. 60, 232 Pac. 447.

For the reason assigned, the case is reversed and remanded.

CHAPPELL, J., concurs.

DAVENPORT, J., absent, not participating.