## J. L. BARRETT v. STATE.

No. A-6877.   Opinion Filed Nov. 16, 1929.
(282 Pac. 480.)

J. E. Burns, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of having possession of 14 gallons of whisky, 7 gallons of alcohol, and 3 gallons of wine, and was sentenced to pay a fine of $150 and be confined in the county jail for a period of 90 days.

When the state rested, the defendant demurred to the evidence as being insufficient to support the allegations of the information. At the time the demurrer was presented, the defendant did not point out the particular fact wherein the state had failed to prove its case. In the brief, defendant argues that the state failed to prove the venue. It appears from the record that the state offered no evidence fixing the venue of the crime in Kay county.

In the case of Popp v. State, 44 Okla. Cr. 145, 279 Pac. 975, this court said:

"Where there is no evidence of venue in the record either direct or circumstantial nor evidence from which the court may take judicial notice that the crime charged was committed in the county alleged, the case will be reversed."

The state having failed to prove venue, it was error for the trial court to permit the case to go to the jury.

For the reasons stated, the cause is reversed and remanded, with instructions to proceed with the trial of the case according to law.

EDWARDS, P. J., and DAVENPORT, J., concur.