FRANK NEWMAN v. STATE.

No. A-5273.   Opinion Filed May 12, 1926.
Rehearing Denied Nov. 20, 1926.
(250 Pac. 554.)

Grace Arnold, for plaintiff in error.

George Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that Frank Newman did, in Creek county, on or about the 21st day of February, 1922, commit the crime of burglary in the second degree, by breaking, in the nighttime, into the store building of J. F. Cadenhead, in the town of Olive, with a felonious intent to steal certain property from the building. On the trial the jury returned a verdict, finding him guilty, and fixing his punishment at imprisonment in the penitentiary for the term of two years. From the judgment he appeals and assigns as error the admission of incompetent and prejudicial evidence; that the verdict is contrary to the law and to the evidence, and error of the court in overruling his motion for a new trial.

The evidence shows a nighttime burglary of a store building in the town of Olive, occupied by Cadenhead's General Store, and the taking of about $200 worth of groceries and other merchandise therefrom; that in the evening before the robbery defendant, in company with a woman, drove in from the direction of Drumright, and stopped in front of the Cadenhead store; he got out of the car, went into the store, and bought 15 cents worth of apples; that as he left the store he stopped on the porch and was seen to make a close inspection of the windows. The next morning it was found that a large window in the front of the store and a window in the rear of the store had both

been broken out. An empty paregoric bottle was found under the back window; the label on it was the Marquette Pharmacy, Drumright. Mr. Cadenhead immediately went to Drumright and examined the pharmacy poison record and found that this bottle of paregoric had been sold the day before. A search warrant was procured for defendant's house in Drumright. Quite a quantity of goods, identified by Mr. Cadenhead as having been taken from his store on the night before, were found in defendant's house.

At the close of the state's evidence there was a motion for a directed verdict on the ground that the evidence was insufficient to sustain a conviction, which was overruled and exception taken.

The only evidence offered on the part of the defense was that which tended to prove an alibi. The defendant's father testified that he lived about six miles southwest of Kaw City, and, on February 19th, visited his son at Drumright, leaving there on the morning of February 22d; that he slept with defendant on the night of February 21st, and defendant did not leave his home that night. The defendant did not testify and no evidence was offered tending to explain his possession of the stolen goods.

It is contended that the evidence obtained by reason of the search of the defendant's residence was erroneously admitted, because the same was procured by an illegal search warrant. This assignment is not supported by the record. The search warrant, or the affidavit on which it was issued, was not introduced in evidence. It has been repeatedly said by this court that error must affirmatively appear from the record; it is never presumed. Every presumption favors the regularity of the proceedings had upon the trial. Upon the record before us defendant wholly failed to meet the

burden resting upon him to affirmatively show that this evidence was obtained by an illegal search.

It is also contended that the trial court erred in admitting testimony of the prosecuting witness as to the cost mark used by him on the groceries found in defendant's possession, in that the articles themselves would be the best evidence of what was written upon their labels. If the defendant had disputed the fact of the finding of the stolen goods in his house, then he might with some degree of consistency assert that he was injured by this evidence concerning the cost mark on the labels, but, in the absence of any dispute on this issue, the error, we think, if any, was harmless.

It is also contended that the verdict is not sustained by sufficient evidence, and is contrary to law. It is not questioned that the goods described in the information were stolen at the time and place therein stated, nor that defendant was in the store that evening, or that he examined the windows of the store building at the time, or that a large part of the stolen goods were found in his home the following day. The only defense sought to be made is that of alibi, supported solely by the testimony of defendant's father. After a careful examination of the record we think that the verdict is not only sustained by the evidence, but for the jury to have found otherwise would have been to ignore both reason and the teachings of experience.

Finally, it is contended that the motion for a new trial should have been sustained on the ground of newly discovered evidence, based on the affidavit of one Alexander, who was a witness for the state on the trial of the case, wherein he states that, while still the owner of the Marquette Pharmacy, he was approached in his store by Frank Taylor, assistant county attorney, and by him shown a two-ounce bottle with a

Marquette Pharmacy label on it and marked "Paregoric" and asked to examine the bottle, together with his record of poisons sold on a certain date; that he did examine his record of poison sales on said date and found approximately a dozen sales of two-ounce bottles of paregoric, to as many different persons, and affiant was unable by any means to ascertain to whom and upon what date this particular bottle had been bought. It is evident that this proof could have been, by proper cross-examination, developed on the trial of the case. Futhermore, the alleged newly discovered evidence is immaterial to such an extent as to make it obvious that, had anything been proved at the trial, as alleged, that Alexander would testify to on another trial, there would be no likelihood of a different result.

Ordinarily, motions for new trial on the ground of newly discovered evidence are addressed to the discretion of the trial court, and we think, on the record in this case, no abuse of discretion is shown.

It appearing that defendant had a lawful and fair trial, and was properly convicted, the judgment appealed from is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.