G. W. CARTER v. STATE.

No. A-5267. Opinion Filed Nov. 13, 1926.
Rehearing Denied Dec. 4, 1926.
(250 Pac. 807.)

H. M. Carr, Glasco & Glasco, and Bond & Bond, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of McClain county on a charge of offering a forged instrument for record, in violation of section 1626, Comp. Stat. 1921, and he was sentenced to pay a fine of $500.

The record discloses that the defendant had some dealings with a part blood Indian boy named Baxter Sharp Kerr, who became of age November 29, 1924. On the day following, an instrument purporting to be a warranty deed conveying certain lands belonging to Kerr to defendant, accompanied by a check in blank, signed by defendant to pay the recording fees, was received by the county clerk of McClain county. The information charges the forging of this deed. The sufficiency of the information is not challenged, nor, apparently, is the fact that the instrument upon which the charge was predicated was a forgery.

It is first insisted that there is no sufficient proof that defendant had actual knowledge that the instrument offered for record was a forgery nor that he offered it. Defendant testified that the instrument was

valid, was made upon a fair consideration, and that the name of Kerr was signed by defendant's stenographer at Kerr's request. This is denied by Kerr, and an issue of fact is thus presented; the verdict of the jury is sustained by the evidence. There is no direct evidence that defendant expressly ordered his stenographer to send the deed to the county clerk of McClain county for record, but it is not necessary that this be proved by direct and positive evidence. It may be proved by circumstances; the fact of its being transmitted by mail by defendant's stenographer, with a check signed by defendant to pay the fees for recording inclosed, with the other circumstances shown, is sufficient upon this point.

It is also urged that the court erred in admitting evidence of other transactions between defendant and Kerr as being transactions entirely separate and distinct, and that this evidence was prejudicial. These items of evidence were offered as tending to show a system of dealing, or as being transactions so closely connected with the offense charged as to throw light upon it. It is true that independent transactions or independent offenses may not be shown for the purpose of raising a presumption that defendant is guilty of the offense charged. 8 R. C. L. 198. There are, however, certain well-recognized exceptions, and where evidence tends to show guilty knowledge, intent, motive, or evidence of transactions, or matters so closely connected with the offense charged as to form a part of the res gestæ, it is admissible, although it may tend to prove some other independent offense or transaction.

Complaint is made of certain of the court's instructions, particularly to instruction No. 5, in which the court limited the purpose for which the evidence of other transactions was to be considered to the sole

purpose of determining whether defendant was guilty of the charge for which he was on trial. While this instruction is not happily worded, there is no substantial error in it; the jury are particularly informed that a conviction can be had, if at all, upon the charge for which defendant was on trial and none other. Defendant could not have been injured by this instruction.

It is argued that instruction No. 6, advising the jury the consideration to be given expert evidence, is erroneous. This instruction reads:

"The court instructs the jury that, so far as the expert testimony is concerned, you will consider that and treat it in the same manner as you would treat any of the other testimony in the case. The simple fact that it was offered by experts does not compel you to take their testimony in preference to any other, but you should give the testimony of the expert witnesses. the same weight, the same consideration, everything else being equal, as that of any other witness."

The general instruction on the credibility of the witnesses and the weight and value to be given their evidence is a sufficient rule for the guidance of the jury. Munson v. State, 13 Okla. Cr. 569, 165 P. 1162; Darneal v. State, 14 Okla. Cr. 540, 174 P. 290, 1 A. L. R. 638; Cole v. State, 18 Okla. Cr. 430, 195 P. 901.

It is for the jury to say whom they will believe or disbelieve, and the court should not take from them the liberty of using their own judgment. An expert witness is different from no other witness from the mere fact that he is an expert. We think the instruction complained of could not have misled the jury and that the instructions, as a whole, fairly and impartially submit the issues involved. Collins v. State, 32 Okla. Cr. 136, 240 P. 135; Horn v. State, 31 Okla. Cr. 347, 238 P. 966; Smith v. State, 32 Okla. Cr. 121, 240

P. 143; Hickman v. State, 32 Okla. Cr. 307, 240 P. 1097; Whitworth v. State, 32 Okla. Cr. 200, 239 P. 930; Bruner v. State, 31 Okla. Cr. 351, 238 P. 1000.

Lastly, it is argued that the court erred in overruling the motion for a new trial on the ground of newly discovered evidence. Several affidavits were filed challenging the credibility of the witnesses for the state. That a motion on this ground is directed to the sound discretion of the trial judge is well settled. The affidavits are more or less cumulative of the former testimony in the case, and impeach the testimony offered by the state. It does not appear to be at all probable that a new trial, if granted, would change the result. There was no abuse of discretion in overruling the motion for a new trial.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.