## J. H. PETERS v. STATE.

No. A-5281.    Opinion Filed Dec. 4, 1926.
(250 Pac. 1032.)

Phillips, Douglass & Duling, and C. T. Huddleston, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Okfuskee county on a charge of manslaughter and each sentenced to serve a term of four years in the state penitentiary.

On the night of August 17, the defendants were concealed near a country schoolhouse to discover who had been stealing and disturbing the school property. Defendant Peters was a deputy sheriff, Carl Whitfield was a director of the school district, and Willie Whitfied was his brother. One Andrews was also with them, but was discharged on advice of the court. About 10:30 or 11 o'clock they heard a noise and saw some one go into the school building and shortly afterward saw a light in the building. The defendants then went into the building and demanded to know who was there and ordered the parties, who were Gilbert Mullins, the person killed, and Charley Findley, to throw up their hands. Defendants testified that both deceased Mullins and Findley had guns, and that Mullins refused to put up his hands, but started to point his gun at defendant Peters; that Findley then fired and a general fusillade in the darkness followed, after which defendants left the scene not knowing any one had been shot. The state relied principally on the evidence of Findley, which is that he and Mullins had been in the country to get some sheaf oats; their car had become heated and they stopped at the schoolhouse to get water for the radiator and had gone in the house for a bucket, and when defendants came in Mullins was standing on the teacher's desk with a lighted match and the globe in his hand to light a hanging lamp; that when accosted they informed defendants their purpose and put up their

hands and started out in front of defendants, one of whom punched Mullins with a gun, and then without provocation one shot Mullins, who fell, and another shot Findley; that several shots were fired, then everything got still, and he finally found Mullins on his back in a ditch in the road; managed to get him in the car, but he died before reaching Okemah. He testified that neither he nor Mullins had a gun. Apparently defendants, prior to the difficulty, did not know Mullins and Findley, nor they defendants.

Various assignments of error are grouped under the general head that the court erred in overruling the motions for new trial. For the purpose of showing a motive for engaging in a combat with or for resisting the officers, the defendants sought to show that Mullins and Findley were probably engaged in conveying intoxicating liquor. The evidence on this point was largely circumstantial and was closely restricted. The witness Findley was sharply contradicted by several apparently disinterested witnesses on several points. He testified he and Mullins got some sheaf oats at Tom Yell's place and had a talk with Yell. Yell contradicts this. He testified, as set out, that, at the time defendants came into the school building, Mullins had the globe of the light in his hand. Several witnesses in a position to know testified that this lamp had no globe, and we think this is clearly made to appear. There was evidence that an automatic pistol, presumably belonging to Mullins or Findley, was found in the schoolhouse. R. H. McKinnon, sheriff, testified that on the night after the shooting he had a conversation with Findley, and stated that the gun had been found there, and Findley replied: "Yes; that is Mullins' gun." This was denied by Findley.

After verdict, defendants filed a motion for a new

trial and a supplemental and a second supplemental motion. The supplemental and the second supplemental motions set out newly discovered evidence, in effect that, subsequent to the trial, defendants had learned of various statements made by Findley that at the time of the affray Mullins had a pistol which he lost and that he (Findley) had a pistol which he fired and it then hung. Attached to this motion is an affidavit of Conrad Boyd that prior to the trial he heard Findley say that Mullins had a gun and lost it in the fight, and that his (Findley's) gun jammed after he had begun firing. Also an affidavit of Leonard Boyd, the same in substance. Also an affidavit by E. E. Morse that prior to the trial Findley told him that Mullins had a gun, but was not quick enough, and the other boys beat him to it. There is also a statement of the evidence of the other witnesses, verified by defendants, whose affidavits were not obtained.

A motion for a new trial is directed to the sound discretion of the trial court, and, on the ground of newly discovered evidence, should not be granted where it is merely cumulative or for the purpose of impeachment; that due diligence to procure the evidence in the first instance must be shown and there must be a reasonable probability that, if the evidence had been introduced, a different result would have been reached. If the evidence was strong, we should not disturb the ruling of the trial court. But it is evident that a less quantum of additional evidence might reasonably change the verdict when lightly supported than would be required where the evidence of guilt is overwhelming. Where the case is close on the facts, depending upon the testimony of one witness, more or less interested, contradicted by several disinterested witnesses, as in the case before us, the evidence tendered as newly discovered may be sufficient to overcome the verdict upon another trial.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.