## ALLEN DONAHUE v. STATE.

No. A-5708. Opinion Filed Sept. 3, 1927.
(259 Pac. 179.)

88

Jesse Dunn and Jess L. Pullen, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Murray county on a charge of selling whisky to minors, and he was sentenced to pay a fine of $100 and to serve one year and one day in the state penitentiary.

It is charged in the information that on December 25, 1924, defendant sold two pints of whisky to Rufus Findley and Jack Lebo, they being under the age of 21 years.

The record discloses that Findley and Lebo were minors. Findley testified that he and Lebo in one transaction bought the two pints of whisky from defendant and paid him $4 for it. He was not a willing witness. Lebo was also called, but denied that he and Findley purchased any whisky from defendant. He testified that when he met him Findley had the whisky. He admitted, however, that he became intoxicated and admitted that

he told the county attorney they purchased the whisky from defendant. His evidence indicates that he was not a candid witness. The defense was an alibi. The evidence is conflicting, and its weight and the credibility of the witnesses was a question for the jury.

It is contended that the court erred in instructing the jury in substance that proof of the offense was not limited to the particular date charged in the information. After the jury had retired, they returned into the court room and inquired of the court if they were limited to the exact date, and the court orally informed them that they were not, but that the information reached back two years. No objection was made to the information given by the court until after the jury had been instructed to retire, and then the instruction was excepted to, not that it was oral, but a general exception. The proof tends to show but a single date, and the instruction that the charge reached back two years was improper, but it is not prejudicial. Ealum v. State, 32 Okla. Cr. 197, 239 P. 933.

It is next argued that the court erred in denying defendant a new trial on account of newly discovered evidence. The affidavits of several witnesses are attached setting out in substance that defendant was not at his home at the time charged. Some of these witnesses claim to have been with the defendant at the time in another part of the county. Some claim they were at his home at the time. This is not newly discovered evidence. Defendant certainly knew at the trial who were with him at the time charged, and if he did not know who was at his home on that occasion could easily have ascertained. Where defendant fails to show that he used due diligence to procure testimony in the first instance, his motion is properly overruled. Calvert v. State, 10 Okla. Cr. 185, 135 P. 737.

Complaint is also made that the court permitted

the state to go into the reputation of defendant and to inquire concerning his previous convictions for violation of the prohibitory liquor law. There was an inquiry by the state concerning reputation in one instance before the defendant had opened the question, but defendant went into the matter of reputation, and it was principally of his witness that the state inquired. We think the single inquiry concerning reputation prior to the defendant going into that question does not require a reversal. For the purpose of affecting his credibility, the state had a right to show the prior conviction of a defendant. Hendrix v. State, 4 Okla. Cr. 612, 113 P. 244; Manning v. State, 7 Okla. Cr. 367, 123 P. 1029.

There are errors in the record, but not all are against defendant. After Lebo had testified in conflict with his statement to the county attorney, the state sought to inquire about his conversation and his written statement wherein he had stated he was present when the sale was made. This the court excluded. This court has several times held that where a party has been deceived or entrapped in the placing of a witness upon the stand, believing that he will testify to a certain state of facts, and the witness then testifies to a different state of facts conflicting with his previous statements to the party placing him on the stand, such party has the right to introduce his previous statements for the purpose of affecting his credibility and to explain why he was called as a wtiness. Sturgis v. State, 2 Okla. Cr. 364, 102 P. 57; Paris v. United States, 5 Okla. Cr. 601, 115 P. 373; Foreman v. State, 38 Okla. Cr. 50, 259 P. 176.

Upon a consideration of the entire record, we are of the opinion that the various errors do not deprive defendant of any constitutional or statutory right to his prejudice, and that there is no miscarriage of justice.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.