## EVERT McCOLLOCH v. STATE.

No. A-7235., Opinion Filed Jan. 4, 1930.
(283 Pac. 1026.)

Joe S. Eaton, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Garvin county on a charge of robbery with firearms, and his punishment fixed at confinement in the state penitentiary for a term of 40 years.

On November 3, 1927, three persons entered the First National Bank of Wynnewood and with firearms held up the officers and employees and robbed the bank of more than $7,000 in cash and something over $25,000 in government bonds. Another person waited outside in a Buick sedan. Defendant was tried separately.

The evidence of the state is that defendant with one W. R. Calloway and one Raymond Wilson were the parties who entered the bank, and that L. L. or Red Calloway waited in a car outside in which the parties escaped after the robbery. Three witnesses positively identified de-

fendant as one of the three persons who entered the bank. A few days subsequent to the robbery, defendant and W. R. Calloway were found together at Tulsa and were apprehended. Prior to the trial of this defendant, W. R. Calloway was tried as one of the participants in the robbery and was sentenced to life imprisonment. He was a witness for the defendant in the trial of this case. The defense was alibi; the testimony by defendant and his witnesses sharply conflicts with that of the state.

The first contention argued is that there is no proof of venue. This contention is not tenable. The evidence upon this point is so conclusive that it may be disposed of without discussion. While it was not proven by direct questions that the offense was committed in Garvin county, yet it is clearly shown that the First National Bank of Wynnewood was robbed at the time as alleged and that the crime was committed at Wynnewood. This is sufficient proof of venue. Ward v. State, 13 Okla. Cr. 81, 162 Pac. 232; Nix v. State, 20 Okla. Cr. 374, 202 Pac. 1042, 26 A. L. R. 1053; Edwards v. State, 25 Okla. Cr. 167, 219 Pac. 427; Groh v. State, 30 Okla. Cr. 396, 236 Pac. 435; Popp v. State, 44 Okla. Cr. 145, 279 Pac. 975.

The next contention is that the court admitted incompetent evidence prejudicial to the substantial rights of defendant. This contention is directed to testimony that two or three days prior to the robbery W. R. Calloway, accompanied by a woman, registered at a hotel at Sulphur under fictitious names, and on November 2, L. L. Calloway and a woman joined them at the hotel and also registered under fictitious names. Late in the afternoon of that day, two men in a Buick car, which car was afterwards used in the robbery, came to the hotel and were seen in conversation with the Calloways. One of these men is identified as Raymond Wilson, one of the

parties who went into the bank with defendant and participated in the robbery. The other man in the Buick at the time it came to the hotel was not positively identified. One witness stated defendant greatly resembled this second man, giving it as his best judgment that it was defendant.

It is the state's theory that defendant was the other man with Wilson in the Buick car, and that the meeting with the Calloways at the hotel at Sulphur was prearranged, and that the parties were in the conspiracy to rob the bank at Wynnewood, and the state contends there is sufficient evidence on this point to make the testimony admissible. It is a well-established principle of law that a conspiracy makes each participant liable for the acts of his coconspirators done in pursuance of the conspiracy; that slight evidence of collusion is all that is required to render competent testimony of the acts and declarations of a conspirator against his coconspirator. Ex parte Hayes et al., 6 Okla. Cr. 321, 118 Pac. 609; Bradshaw v. State, 16 Okla. Cr. 624, 185 Pac. 1102, and authorities cited therein.

See also the more recent cases of Wolfe v. State, 38 Okla. Cr. 412, 262 Pac. 505; Thomas v. State, 40 Okla. Cr. 204, 267 Pac. 1040; Sledge v. State, 40 Okla. Cr. 204, 269 Pac. 385; Elliott v. State, 45 Okla. Cr. 5, 281 Pac. 305.

There is sufficient evidence of conspiracy to make admissible the evidence complained of.

Defendant next argues that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence. This ground of the motion for new trial is supported by an affidavit of one H. H. Martin, in substance that he had been subpoenaed as a witness for the state; that he informed the county attorney that he could

not identify defendant as the man whom he saw in company with W. R. Calloway and Wilson on the streets of Wynnewood a few minutes before the bank was robbed; and that he was then discharged by the state. Martin further stated in this affidavit that he saw Calloway and Wilson in the streets of Wynnewood with another man, and that this third man was not defendant. This evidence is material as tending to support the defense of alibi. This witness testified in the trial of the case of State v. W. R. Calloway and the case of State v. Raymond Wilson. His name is indorsed on the information as a witness. An exercise of reasonable diligence would have suggested to counsel for defendant that this witness would be important upon the question of identification; they should have investigated his testimony before, instead of after, the trial. It is well settled that the granting of a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and it is not an abuse of discretion to deny a new trial unless the claimed newly discovered evidence could not with reasonable diligence have been discovered before the trial; and further that it is of such character that it would likely change the result should a new trial be granted. Stilwell v. State, 18 Okla. Cr. 10, 192 Pac. 253; Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253; Martin v. State, 34 Okla. Cr. 274, 246 Pac. 647; Carter v. State, 35 Okla. Cr. 421, 250 Pac. 807; Peters v. State, 35 Okla. Cr. 367, 250 Pac. 1032.

Other contentions not herein discussed are set out in the briefs; these have not been overlooked, but have had the attention of the court. The case was closely tried and the cross-examination both by counsel for the state and the defendant were thorough and searching. There are some errors in the record, but we are convinced that none of them are materially prejudicial. On the whole

record, defendant had a fair trial, and no reason for a reversal is made to appear.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.