## H. W. WILSON v. STATE.

No. A-7268. Opinion Filed June 21, 1930.
(289 Pac. 790.)

72

H. W. Morgan, for plaintiff in error.

The Attorney General and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Caddo county of the crime of murder, and his punishment fixed by the jury at life imprisonment in the state penitentiary.

The evidence of the state was that the negroes were having a dance at their lodge hall in the city of Anadarko; that more or less drinking was going on, and that some trouble had arisen between some women who were attending the dance; that Claude Wilson, a brother of the defendant, had some argument with Bill Gunn; that Bill Gunn sent word for defendant to come where he was, and that as defendant came he drew his pistol; that defendant turned around and fired the shot which killed Cloteal Pendarvis; that when defendant was told that he had shot the girl, he said, "I don't give a damn if I did"; that defendant walked about the floor of the dance hall awhile and fired another shot up into the east window; that defendant stood about five or six feet from the girl when he shot her.

The defendant admitted in the trial that he fired one shot from his pistol, but said he was shooting at Tourist Howard and that he did not know until some time afterward that the girl was shot. Defendant first contends that the evidence is insufficient to support the verdict of the jury. The evidence of the state tended to establish a deliberate and intentional killing on the part of the defendant. The evidence of the defendant tended to establish that the girl was killed by shots fired by one Jons and that the shot fired by the defendant did not strike the girl. There was a clear conflict in the evidence. The credibility of the witnesses and the weight to be given their testimony was for the jury. There being sufficient evidence in the record to support the verdict, the court did not err in overruling defendant's motion for new trial on that ground.

The defendant next contends that the court erred in failing to instruct the jury upon manslaughter. No objections or exceptions were taken to the instructions given by the trial court. The defendant offered no instructions and requested no additional instructions. There being no evidence in the record tending to establish any lower grade of crime than that charged in the information, the court did not err in failing to give such instruction. The instructions given by the court on its own motion fairly state the law and are as favorable to the defendant as the evidence required.

Defendant next contends that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence. The motion of the defendant alleges diligence, but sets out no facts showing diligence. This court has held that it is not error for the trial court to overrule an application for a new trial on the ground of newly discovered evidence where the motion fails to set

out the acts constituting diligence. Donahue v. State, 38 Okla. Cr. 87, 259 Pac. 179; Ball v. State, 47 Okla. Cr. 145, 286 Pac. 808.

The granting of a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court. The ruling of the trial court will not be disturbed except for an abuse of this discretion. Peters v. State, 35 Okla. Cr. 367, 250 Pac. 1032; Newman v. State, 35 Okla. 296, 250 Pac. 554.

The foregoing errors being the only ones urged by the defendant in his brief, and they being insufficient to require a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.