## BOB TURNER v. STATE.

No. A-7234. Opinion Filed June 21, 1930.
(289 Pac. 1111.)

John L. Ward and W. O. Moffett, for plaintiff in error.

The Attorney General and Smith Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of manslaughter in the first degree, and his punishment fixed at imprisonment in the state penitentiary for a period of 20 years.

The evidence of the state was that the defendant killed S. J. Gilmore at about 11 o'clock at night on April 2, 1928, by shooting him with a pistol. Defendant was running a barber shop at Skiatook, and the deceased, who was an Osage Indian, was engaged in the confectionery business there. That some time prior to the killing defendant was surety on deceased's note at the bank and was compelled to pay it. That early in the afternoon of April 2, 1928, he went to deceased's place of business and

demanded of him that he pay the amount owed defendant. Deceased either refused or told defendant that he was unable to pay. Angered at this information, defendant later in the day purchased the pistol with which the killing was done at 11 that night. The evidence of the state was that defendant shot deceased while deceased was sitting on the bumper of an automobile parked at the curb in front of a restaurant where deceased and his clerk, Clyde Beatty, had gone immediately after closing up, to obtain a lunch; that defendant came into the restaurant after deceased and Beatty and took a seat in the back part of the room; that after deceased and Beatty had left the restaurant, defendant came out onto the sidewalk, pulled his pistol, and shot the deceased without any warning while deceased was sitting on the bumper of the car, the bullet entering the left arm and ranging down through the inner part of the right leg just about the knee and coming out on the outside of the right leg, the bullet severing the popliteal artery. Immediately after the shooting deceased got up and ran across the street and some distance west on the north side of the street and then returned to the south side of the street where he fell; that about ten days later deceased died at a hospital in Tulsa.

Defendant claimed that he shot deceased in self-defense; that when he came out of the restaurant and saw deceased sitting on the car bumper, deceased had one hand on his knee; that he saw no gun; that deceased made a movement toward his bosom with his other hand, and defendant immediately fired the fatal shot. It further appears from the record that the parties had been gambling at deceased's place of business, and that defendant had threatened to cause the arrest of deceased and have his place of business raided as a gambling joint unless the $25 defendant had been compelled to pay for de-

ceased was returned to him, and that the killing was the result of this trouble over the $25.

Defendant assigns numerous grounds of error, but only two of them are of sufficient merit to warrant consideration. The first is that the court erred in permitting the state to introduce the transcript of the testimony of the witness Clyde Beatty, a witness for the state, given at the preliminary examination. Beatty's residence was at Skiatook, the scene of this homicide. At the time of the homicide he was employed by the deceased. He was subpoenaed and testified at the preliminary examination at which time defendant's counsel subjected him to a rigorous and extended cross-examination. Under the repeated holdings of this court this was sufficient to meet the constitutional requirement in criminal cases that the defendant shall be confronted with the witnesses against him. Exleton x. State, 30 Okla. Cr. 224, 235 Pac. 627; Weil v. State, 47 Okla. Cr. 88, 287 Pac. 752.

On June 12, 1928 the state had a subpoena issued for the witness returnable June 20th, the date when the trial was to commence. This subpoena was returned by the sheriff, June 19, 1928, "Not found." The sheriff went to Skiatook and made inquiry at the home of the witness and was told by the father of the witness that his son had left Skiatook and had gone to the harvest fields and that he did not know where he was and the sheriff was unable to find him or learn his whereabouts. Under the following authorities this showing was sufficient: Fitzsimmons v. State, 14 Okla. Cr. 80, 166 Pac. 453; Pierce v. State, 35 Okla. Cr. 67, 248 Pac. 654.

On this prima facie showing the trial judge indicated he would permit the state to read the transcript of the evidence given by the witness at the preliminary examina-

tion. Thereupon counsel for the defendant interposed the following objection: "For the reason that it does not give the defendant an opportunity to cross-examine the witness; the fact that he may have testified to one thing at the preliminary hearing, he may testify to something else in this trial and it does not give the defendant proper opportunity to cross-examine this witness and for the further reason the defendant is in a position and will be in a position to impeach Beatty on the testimony that he would give."

This objection was upon two grounds: First, lack of opportunity to cross-examine, and, second, lack of opportunity to impeach the witness. In the case of Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669, this court said:

"When specific objections are urged to the admission of evidence in the trial court, the specific objections only will be considered upon appeal, and counsel will not then be heard to offer different objections to the testimony than those presented to and passed upon by the trial court." Cotts v. State, 34 Okla. Cr. 59, 244 Pac. 817.

The state having laid a sufficient predicate for the introduction of the transcript of the evidence, and the objections of the defendant being insufficient the court did not err in overruling the objection to the introduction of such evidence.

The defendant next contends that the court erred in overruling his supplemental motion for a new trial on the ground of newly discovered evidence. This motion was filed in the trial court after the appeal was lodged in this court and was supported by the affidavits of Tom Gibson, Clyde Beatty, and W. O. Moffett. The names of the witnesses Gibson and Beatty were indorsed on the information as witnesses for the state, which information was filed

in the district court on the 18th day of May and a certified copy of the same furnished the defendant. Neither of these witnesses were found, although the state issued a subpoena for them. The residences of both of them were given as Skiatook, the home of this defendant. Defendant was released on bond June 5th, and the trial began June 20th, so that defendant had notice from the 18th day of April to the 20th of June that each of these witnesses was likely to be used against him. Defendant knew that both of these witnesses lived in Skiatook and was personally well acquainted with them. Upon his release on bond the 5th of June, defendant returned to his home in Skiatook, and thus had 15 days before the commencement of the trial to ascertain what these witnesses would testify to. This court has repeatedly held that to entitle the defendant to a new trial on account of newly discovered evidence he must show due diligence. Ball v. State, 47 Okla. Cr. 145, 286 Pac. 808; Donahue v. State, 38 Okla. Cr. 87, 259 Pac. 179; Devore v. State, 33 Okla. Cr. 403, 243 Pac. 999.

The defendant may not rely on the fact that the state has subpoenaed certain witnesses, but if he desires their testimony in his defense he must also have subpoenas issued for them as part of the due diligence required by law from him to obtain the evidence of such of the state's witnesses as he may desire. The reason for furnishing the defendant with a certified copy of the information with the names of the state's witnesses indorsed thereon is to enable the defendant to interview such witnesses, ascertain what they will testify to, and if favorable to him to see that they are present to give such evidence. He may not wait until the trial is over and the verdict has gone against him to interview these witnesses and then come in with affidavits from such witnesses in support

of his motion for new trial and obtain the same by alleging that he has used due diligence.

This court has also held repeatedly that the granting or refusing of a new trial on account of newly discovered evidence is within the sound discretion of the trial court, and that the cause will not be reversed unless it appears from the record that there was a manifest abuse of such discretion. Carter v. State, 35 Okla. Cr. 421, 250 Pac. 807; McColloch v. State, 45 Okla. Cr. 442, 283 Pac. 1026; Ball v. State, supra.

The evidence supports the verdict of the jury. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.