## W. R. CALLOWAY v. STATE.

No. A-7014.   Opinion Filed Oct. 18, 1930.
(292 Pac. 383.)

Mathers & Mathers, Goodwin & Freeman, and Hamilton, Gross & Howard, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was charged by information jointly with Lawrence Calloway, Vivian Calloway, and Raymond Wilson. A severance was granted, and the defendant was tried, convicted, and sentenced to the penitentiary for life. Motion for new trial was filed, considered, and overruled, and the case appealed to this court.

The testimony of the state tends to show that on November 3, 1927, three persons entered the First National Bank of Wynnewood, Garvin county, Okla., and with firearms held up the officers and employees and robbed the bank of more than $7,000 in cash and $26,000 in government bonds. Evidence tends to show that this defendant, Everett McColloch, and Raymond Wilson entered the bank, and that L. L. Calloway waited in a car outside in which the parties escaped after the robbery. The defendant is positively identified by the officers of the bank as being one of the parties who entered the bank and robbed it. A few days after the robbery was committed, the defendant and Everett McColloch were found together at Tulsa and were apprehended. The defendant in this case was the first one tried. His defense was an alibi.

The testimony of the defendant is in direct conflict with the state's testimony. The defendant denies he had ever been in the town of Wynnewood, Garvin county, Okla., or had anything whatever to do with the robbery of the bank.

This is a companion case to McColloch v. State, 45 Okla. Cr. 442, 283 Pac. 1026, which was tried subsequent to the case at bar. It is not deemed necessary to go into the facts presented in this record or to discuss all the assignments of error, as they were practically all considered in McColloch, supra.

Many errors are assigned and argued by the defendant. The first, second, and third assignments are as follows:

"1. The verdict of the jury is the result of passion and prejudice.

"2. That the verdict is contrary to law.

"3. That the purported verdict so returned is not the verdict found by the jury."

There is nothing in the record to show that the verdict of the jury was the result of passion or prejudice, or that the action of the trial court or county attorney and special prosecutor was such as to arouse passion or prejudice in the minds of the jurors. So far nothing has been found to show that the verdict is contrary to law, or that the verdict returned, filed, and recorded, and upon which the defendant was sentenced, was not the verdict returned by the jury.

It is contended by the defendant that another and different verdict was written, delivered, and presented to the court by the foreman of the jury other than the one voted and found by the jury. This contention of the defendant is unfounded, as we find nothing in the record to show where a verdict other than the one received and recorded by the court was returned by the jury.

It is next urged by the defendant that the trial court erred in overruling the motion of the plaintiff in error for a new trial. His motion for a new trial practically covers all assignments of error not specifically mentioned and discussed herein. Under this assignment will be considered many questions that arose in the trial of his case. This testimony clearly shows the defendant guilty, and the testimony further shows that the robbery of this bank occurred in Wynnewood. This court will take judicial

notice that Wynnewood is in Garvin county, Okla., and that this offense was committed in Garvin county, Okla.

Upon the question of the application for change of venue and continuance of the case, the granting of a change of venue or a motion for continuance is by the statute made discretionary with the court, and the appellate court will not reverse the ruling of the lower court in denying a change of venue or a motion for continuance unless it is made clearly to appear that there has been an abuse of discretion to amount practically to a denial of justice. Davis v. State, 10 Okla. Cr. 169, 135 Pac. 438; Gentry v. State, 11 Okla. Cr. 355, 146 Pac. 719; Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883; Pulsey v. State, 22 Okla. Cr. 192, 210 Pac. 306; Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635; Kirby v. State, 25 Okla. Cr. 330, 220 Pac. 74, 33 A. L. R. 1212; Leard v. State, 30 Okla. Cr. 191, 235 Pac. 243.

Other assignments have had careful attention and study by the court. There are several errors in the record, but from a careful consideration of the testimony we are convinced that none of them materially prejudice the rights of the defendant. Considering the entire record and facts contained therein, we hold that the defendant had a fair trial, and no reason for reversal is made to appear, but, in view of the fact that a codefendant was tried subsequently to this trial and practically the same testimony introduced in the case as was introduced against the defendant in this case, and the jury returned a verdict of guilty and assessed his punishment at 40 years in the penitentiary, we believe that the condition of the record in this case warrants a modification of the sentence from life to 40 years in the penitentiary, and, as modified, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.