## ANNIE LOVE et al. v. STATE.

No. A-7538.   Opinion Filed Oct. 25, 1930.
(292 Pac. 882.)

John F. Pendleton and M. D. L. Cox, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Nowata county on a charge of stealing chickens in the nighttime, and the punishment of the defendant Annie Love fixed at two years in the state penitentiary, and of defendant Emma Thompson at one year in the state penitentiary.

The evidence of the state is largely circumstantial, but shows that on the night in question these defendants, who live in the town of Lenapah and are Negroes, drove out to the farm home of one Wesley McCrary in an automobile and there, in the nighttime, stole from the chicken house of McCrary certain Plymouth Rock hens. After the defendants were arrested, some of these chickens were

found in the henhouse of defendant Annie Love and the balance of them had been taken to Coffeyville, Kan., where they were sold to the Kansas Produce Company, and the check in payment thereof made payable to Mamie Rowe and cashed by the Penny Mercantile Company after defendant Emma Thompson had signed the name of Mamie Rowe to the check. The defense was an alibi.

The defendants contend first that the court erred in admitting certain incompetent evidence.

This assignment of error relates to the admission of certain testimony relative to the discovery of certain hens in the henhouse on the premises of defendant Annie Love, which said hens were taken from said henhouse by the direction of a couple of officers of Nowata county, without a search warrant for said premises. At the time the search was made the defendants were all under arrest. Palmer Love, who was jointly charged and tried with these two appellants, was under arrest, and it was he who went into the henhouse and took out these hens under the direction of the officers. The defendant Annie Love was present and made no objection to this procedure. Two of the hens taken from the henhouse under the search were identified as the property of McCrary.

In the case of Yeager v. State, 43 Okla. Cr. 318, 278 Pac. 665, 666, in paragraph 5 of the syllabus, this court said:

"Where a person is legally arrested for an offense, whatever is found upon his person or in his control, which may be used to prove the offense, may be seized and held for evidence in the prosecution."

See, also, Washington v. State, 37 Okla. Cr. 415, 259 Pac. 150.

Under the authorities cited, this evidence was clearly admissible against all of the defendants.

Defendants next contend that the verdict is contrary to the evidence and not supported by the evidence.

In cases of this character, the evidence is usually circumstantial and contradictory, but the facts and circumstances disclosed by the evidence in this case are such that no honest and intelligent jury could have returned any other verdict.

Defendants further contend that the trial court erred in overruling their motion for a new trial on the ground of newly discovered evidence.

The motion for a new trial was wholly insufficient for the reason that the newly discovered evidence was not set out, the motion did not state why the evidence could not have been secured at the time of the former trial by reasonable diligence, and does not state any facts showing diligence, nor was the same verified as required by law.

In Slater v. U. S., 1 Okla. Cr. 275, 98 Pac. 110, this court said:

"In a motion for a new trial, upon the ground of newly discovered evidence, the affidavit of the defendant should set out the proposed evidence, and it must be such as could not have been secured at the former trial by reasonable diligence on the part of the defendant, and the diligence used must be stated in the affidavit. The affidavit of the witness should, if possible, accompany the motion." Turner v. State, 48 Okla. Cr. 74, 289 Pac. 1111.

The defendants had a fair trial, and the evidence is sufficient to support the verdict of the jury. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.