Jack Arthur CRAWFORD, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13094.

Court of Criminal Appeals of Oklahoma.

March 28, 1962.

A. D. Holcombe, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the District Court of Tulsa County, wherein, Plaintiff in Error hereinafter referred to as Defendant, was charged with the offense of burglary in the 2nd degree after former conviction of felony. He was tried to a jury found guilty and his punishment assessed at 10 years in the State Penitentiary. From the judgment and sentence rendered against him this appeal has been perfected.

The uncontroverted evidence is that on the evening of February 6, 1961, Mr. John B. White closed his place of business and secured all the doors and windows. Thereafter at approximately 11:00 P.M. he was notified that a window of his establishment had been broken. He returned to his store and summoned the police. They arrived and after ascertaining that nothing was missing from the store decided to remain there the rest of the evening. Approximately two hours later the Defendant and an unidentified companion gained admission to the building through the open window. Upon discovering the officers in the store the Defendant and his companion attempted to escape. The Defendant was unsuccessful in his attempt to flee and was taken into custody by officer Wilson who effected his capture by knocking him down with a shotgun; Defendant's unidentified companion escaped. At this time the Defendant was questioned as to the identity of his companion but he refused to disclose it. He was then asked the question, "Who broke the window?" Officer Wilson testified that the Defendant admitted breaking the window and the Defendant denied

making this admission in his direct testimony.

There are six assignments of error which we will consider under four propositions.

[1] It is first contended by the Defendant that the court erred in allowing the purported admission to be admitted in evidence. In this connection he argues that the admission was made under duress. This contention is completely without merit for as has been heretofore stated the Defendant denied making any admission relative to the breaking of the window. It was not his position at any point during the trial of the case that he had made any admission by reason of force or duress. This being true he cannot, now, urge on appeal that he did not make the statement, but that if he did he made it under duress. The conflicting testimony at most presented a question of fact for the jury and they resolved it against the accused.

■ It is next contended that the evidence was wholly insufficient to support the verdict of the jury. 21 O.S. § 1435 provides: "Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel, or other structure or erection in which any property is kept, * * * with intent to steal therein or to commit any felony, is guilty of burglary in the second degree." Under the provisions above set forth there are three essential elements to the crime of burglary in the second degree: (a) Unlawful breaking, (b) an entry, (c) intent to steal therein or to commit any felony. The breaking of a window was established by the testimony of Mr. White, who stated that the window was secured when he closed his establishment but that it had been broken out when he returned at 11:00 P.M. The entry was established by uncontroverted testimony that the accused entered the building and was taken into custody. The intent to commit a felony was established by the circumstances under which the entry was made and was further corroborated by the Defendant's

testimony that his companion advised him that the window was open and requested his assistance in the venture. The elements having thus been established on the trial it was only necessary for the Defendant to be connected with the breaking and entering. He was connected with the breaking by his admission to officer Wilson that he broke the window. He was connected with the entry by the testimony of both the state and the accused. We are therefore of the opinion that the Defendant's second contention is without merit.

■ It is next contended by the Defendant that the Court erred in refusing to instruct the jury on the Defendant's theory as outlined in Defendant's requested instruction no. 3 which reads as follows: "If you find that the defendant entered the building but did not 'break' in by forcible entry, or that he did not intend to steal when he entered, then you must find that the crime of burglary has not been committed as charged, and the defendant is innocent. If you find that the defendant entered the building under circumstances not amounting to any burglary, as instructed here, then you may find that the defendant is guilty of a misdemeanor on that charge; if you find that he entered with intent to commit any felony, larceny, or malicious mischief, then you may find him guilty of the reduced charge of misdemeanor." Defendant would be correct in this assignment of error had the court not given instruction no. 5 which provided in part that: "However, unless you find beyond a reasonable doubt that either the defendant, Jack Arthur Crawford, or one who was an accomplice as defined herein, effected the breaking of the window by which access was had to the premises, that the mere entering through the open window was not a breaking as defined by law, and the defendant, even though he entered the premises with the intent to steal therein, would not be guilty of Second Degree Burglary." It has been uniformly held by the Court of Criminal Appeals that: "Refusal of a requested instruction correctly stating the law is not

error, where the matter was fully covered by the instructions given." Ball v. State, 47 Okl.Cr. 145, 286 P. 808.

■ It is lastly contended by the Defendant that the court erred in failing to give Defendant's requested instruction no. 4 which provided: "You are further instructed that if you find that the statements made by the defendant to the arresting officer were made while he was under such duress as to make his confession involuntary, then you may disregard the confession altogether, and find that it has no application whatever to the case at hand; or you may give it whatever weight you see fit according to the other evidence in the case. You are instructed that any confession made while the defendant was under threat of harm is inadmissible against him for any reason, and you may so find." Had the court given the requested instruction, supra, this would have been highly prejudicial to the accused and would have indicated that the court placed more credence in the testimony of officer Wilson as to the admission of the accused than the testimony of the accused denying making the admission. We believe that under the circumstances where the testimony of the state's witness regarding a purported confession or admission having been made by the accused is denied by the accused the jury is presented with a question of the creditability of the witness and this is covered under the general instruction which provides in part: "You are the judges of the facts, the weight of the evidence and the credibility of the witnesses. In determining such weight or credit you may consider: The interest, if any, which the witness may have in the result of the trial; the relation of the witness to the parties; the bias or prejudice, if any has been apparent; the candor, fairness, intelligence and demeanor of the witness; the ability of the witness to remember and relate past occurrences, and means of observation, and opportunity of knowing the matters about which the witness has testified." For the reasons above stated the judgment and sentence is affirmed.

NIX, P. J., and BRETT, J., concur.