## BEELEY DERRISAW v. STATE.

No. A-4004.    Opinion Filed March 14, 1925.
(234 Pac. 230.)

(Syllabus.)

1. **Appeal and Error—Harmless Error—Variance Between Verdict and Information for Stealing.** Where a defendant is tried on a charge of stealing an automobile, and the jury returns its verdict finding the defendant guilty of the "larceny of an automobile as charged in the information," and it appears that the error has not resulted in a miscarriage of justice, nor constitutes a substantial violation of any constitutional or statutory right, the error is harmless.

2. **Trial—Verdict—Common-Sense Construction.** Technical words of construction and fine points of distinction should never apply to the verdict of the jury. A verdict should receive a common-sense construction, and, if it is possible to arrive at the intent of the jury, it should be upheld.

3. **Larceny—Intent Proven by Circumstances.** Intent is ordinarily not capable of proof by direct and positive evidence, and may be proven by the facts and circumstances in the case.

4. **Criminal Law—Trial—Intoxication, Rendering Mind Incapable of Forming Intent, a Defense—Intoxication Question for Jury.**

Where it appears that a defendant is in such a state of intoxication as to render the mind incapable of forming or entertaining a specific intent essential to constitute an offense, a defendant should be found not guilty, and whether or not such a state of intoxication existed is for the jury under proper instructions.

Appeal from District Court, McIntosh County; Harve L. Melton, Judge.

Beeley Derrisaw was convicted of stealing an automobile and sentenced to serve five years in the state penitentiary, and he appeals. Affirmed.

C. H. Tully, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

EDWARDS, J. For the purpose of brevity, the plaintiff in error will be referred to as defendant.

The record in this case discloses that on or about the 1st day of May, 1920, one Mico Hutka left his Ford in a garage at Eufaula. It was parked outside until time to close up the garage, at which time the persons in charge of the garage were unable to find it. It appears that the defendant, Beeley Derrisaw, took the car and picked up some negroes and an Indian or two and went to the country, The parties got some "choc" beer and they, with others, shot craps until in the night, and then the defendant, some negroes, and an Indian boy made a tour of various towns in McIntosh and Okmulgee counties, were at Henryetta early the next morning, and went from there to Dewar; stopped at a garage to have a casing fixed, and, while there, the defendant contracted to sell the car. The proprietor of the garage at Dewar, being suspicious, telephoned the officials at Eufaula, and the parties were arrested.

The defendant was tried and the other persons with him testified that they knew nothing about the ownership of the car and presumed it belonged to the defendant until

the arrest at Dewar.   The defendant was a full-blooded Creek Indian, apparently of low mentality, was incompetent to manage his affairs, and had a guardian for that purpose.   He has a considerable estate, was a natural spendthrift and given to intoxication.   He took the stand in his own behalf and testified that he was drunk and hardly remembered what he did, and on being asked if he stole the car of Mico Hutka, answered, "I think I did, but I didn't know what I was doing when I did it," and further testified that he thought he was driving his own car, and that he contracted to sell the car and was paid something down for it at Dewar.   There is no particular controversy about the facts.

It is next contended that the verdict returned by the jury finds the defendant guilty of a crime different to that charged in the information.   If that is true, under the record, it would be ground for a reversal.   The information, while it is designated as a charge of grand larceny, states the offense of stealing an autumibile under section 2120, Comp. St. 1921.   The verdict finds the defendant "guilty of the crime of larceny of an automobile as charged in the information herein."   There is a distinction between a larceny, whch is purely a statutory offense, and a stealing, which is a common-law offense.   Larceny is the taking of personal property, accomplished by fraud or stealth, with an intent to deprive another thereof.   Section 2101, Comp. St. 1921.

In order to constitute the offense of stealing, there must be a wrongful taking, with a felonious intent on the part of the taker to deprive the owner thereof and to convert the property taken to the taker's own use.   Hughes v. Ter., 8 Okla. 28, 56 P. 708; Crowell v. State, 6 Okla. Cr. 148, 117 P. 883; Sullivan v. State, 7 Okla. Cr. 307, 123 P. 569.   Here the information charges the offense of stealing an automobile, and the case was tried on that charge.   The jury were instructed on the theory that the charge was a

stealing and not a larceny, and no exceptions were taken to the instructions. While the verdict returned uses the term "larceny of an automobile," it specifies larceny of an automobile "as charged in the information," and the use of the word "larceny" instead of the word "stealing" was not prejudicial.

Technical words of construction and nice points of distinction are generally not drawn in reference to verdicts, and, where it is evident, as in this case, the meaning the jury intended to convey by their verdict, that meaning should be adopted, particularly where it does not prejudice the right of the defendant. Under the provisions of section 2822, Comp. St. 1921, we would not be warranted in reversing a case for a mere error of procedure, where, as in this case, it appears that it is without prejudice to the substantial rights of the defendant. Walker v. State, 11 Okla. Cr. 339, 127 P. 895.

It is further contended that the evidence is insufficient to sustain the verdict; that there was no intent on the part of the defendant to steal the car in question shown; that it was not shown that he had an intent to permanently deprive the owner thereof; and that under the evidence it was shown that the defendant was intoxicated at the time of the transaction to the extent that he was incapable of forming an intent to steal.

Intent is not ordinarily capable of proof by direct and positive evidence. It can in general be proven only by the facts and circumstances, and, in this case, if the taking and carrying away are not sufficient to show the intent on the part of the defendant to steal the automobile in question, the subsequent negotiation on the sale of the car and the receiving of part of the purchase price would seem to preclude the defendant from claiming that it was taken for the mere purpose of a joy ride, and not to deprive the owner thereof and to convert to his own use. The court in-

structed the jury clearly on this point that it was necessary that the property be taken with the intent to permanently deprive the owner thereof, and, though the defendant had no right to take the property, if he took it to use for a short time and returned it to the owner, the taking would not be larceny and the jury should acquit. Where intent is an element of the offense, as it is in stealing, and an act is committed by one in such a state of intoxication as to render the mind incapable of forming an intent, such inability to form and entertain an intent, if shown, would render the accused incapable of committing the crime. Updike v. State, 9 Okla. Cr. 124, 130 P. 1107; 12 Cyc. 404; Terhune v. Commonwealth, 144 Ky. 370, 138 S. W. 274.

In the instant case the jury were particularly instructed on this point; No. 7 of the court's instructions being as follows:

"The court instructs the jury that, even though they believe that the defendant wrongfully took the car, the property of Mico Hutka, drove the same to Dewar, and there disposed of it, still, if they further believe from the evidence, or have a reasonable doubt thereof that at such time the defendant was so intoxicated as to be unable to deliberate or form that intent, which is a necessary part of the crime of larceny, they must acquit. You are instructed, however, that voluntary drunkenness is no defense to a crime, unless such drunkenness is of such a nature as to deprive the defendant of the capacity to form the criminal intent as above instructed."

The court instructed upon the issues raised by the defendant to the jury fully and at least as favorably as the law requires; the jury found against the contention of the defendant. The evidence sustains the conviction, and we are not at liberty to disturb the verdict and judgment for insufficiency of evidence.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.