# WALTER COPPERFIELD v. STATE.

No. A-6043.   Opinion Filed April 30, 1927.
(255 Pac. 590.)

Holcombe & Lohman, for plaintiff in error.

Geo. F. Short, Atty. Gen., and J. Berry King, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county on a charge of stealing an automobile, and sentenced to serve a term of five years in the state penitentiary.

The evidence shows that the car in question was the property of A. H. Gates, and that on the evening of June 18, 1925, the car was parked in front of Gates' drug store in Hominy, about 9 p. m.   Mr. Gates was called to the front of the store and discovered this de-

fendant in his car in the act of backing it out. He ran towards the car and called to defendant and tried to stop him, but defendant backed out and drove away. Gates immediately got into another car, and, with the witness Honeycutt, started in pursuit. About a mile and a half from Hominy they overtook defendant, drove in front of him, and forced him to stop, but as soon as Gates and Honeycutt stopped the car in which they were riding, defendant drove Gates' car around them and went on. Gates again tried to stop him, but he paid no attention and drove on. About 2½ miles farther, Gates found his car in the ditch abandoned by defendant. Complaint was filed against defendant the following morning, but he was not apprehended until four days later.

There is no contention on the part of defendant that he did not take the car as alleged, but he contends that at the time of the taking by reason of intoxication he was incapable of forming a criminal intent. He relies for reversal upon two principal propositions: First, the insufficiency of the information; second, error in excluding testimony offered by defendant.

Considering the first assignment, the information alleges that defendant " * * * did then and there wrongfully, unlawfully and feloniously, by fraud and stealth, take, steal, and drive away one Hudson speedster automobile, * * * the property of A. H. Gates, with the unlawful and felonious intent then and there of him, the said Walter Copperfield, to deprive the owner thereof and to convert said property to his, the taker's, own use, contrary," etc.

It is insisted that this charge is insufficient for the reason that it fails to allege that the taking was without the consent of the owner, citing Jackson v. State, 10 Okla. Cr. 525, 139 P. 324. This contention

cannot be sustained. It is not essential that the information directly aver that the taking was without the consent of the owner, but words of similar import may be used. Certainly the allegation that the taking was wrongful, unlawful, and felonious, by fraud and stealth, and with the unlawful and felonious intent to deprive the owner thereof and to convert to the taker's own use, is equivalent in meaning to the direct allegation that the taking was without the consent of the owner. Goertz v. State, 29 Okla. Cr. 261, 233 P. 768.

Upon the second assignment, there is some evidence that at the time of the commission of the offense defendant was intoxicated. One witness, defendant's legal guardian, testified that he saw him the afternoon before the crime was committed, between 2 and 4 o'clock; that he appeared to be drunk and asked for money. Defendant himself testified that he had drunk two pints of whisky on the afternoon and night and was intoxicated and did not know that he took the car until he found himself in the ditch where the car was abandoned. There was also evidence that he was an habitual drinker and at one time had been in Duke's Sanitarium as an alcoholic. All the testimony offered touching his condition at the time of the offense was admitted, but the court excluded evidence of intoxication at other times, and also excluded evidence of his general intelligence and education. There is no claim that he was insane or mentally incompetent to commit the crime charged, and this line of evidence was properly excluded. Evidence of the mental condition of defendant at the time of the commission of the offense is material, and if from such evidence the jury should find that defendant at the time he committed the offense was in such a state of intoxication as to render his mind incapable of forming or entertaining the intent essential to constitute stealing, or if it should be

sufficient to raise in the minds of the jury a reasonable doubt as to whether or not he was capable of forming and entertaining such intent, it was the duty of the jury to acquit him. Derrisaw v. State, 29 Okla. Cr. 377, 234 P. 230, and authorities cited. See, also, Pusley v. State, 22 Okla. Cr. 192, 210 P. 306.

The mental condition of an accused, however, is a question of fact for the jury to determine from all the evidence, under proper instructions. There was sufficient evidence to carry the case to the jury, and the jury were fully and correctly instructed in the court's instruction No. 11, as follows:

"You are further instructed that the defendant, Walter Copperfield, makes no denial that an automobile belonging to A. H. Gates was driven out of the city of Hominy, Osage county, on the 18th day of June, 1925. He claims, however, that if he drove said car, he was irresponsible for his action at said time, due to the fact, as he alleges, that he was so under the influence of stimulants that he did not know the result of his acts. He claims that at said time, his mental powers were so overcome by said intoxicant, that he was incapable of reasoning, and that it was impossible for him to form a criminal intent. You are further told that in order to constitute the crime of larceny, a criminal intent must exist in the mind of the defendant at the time the crime was committed. And it is incumbent upon the state to show such intent by competent evidence. This intent may be shown, however, from facts and circumstances surrounding the taking of the property. The intent with which the property is taken, being a mental condition, it is impossible to produce direct proof upon that point. In this case if you shall find from the evidence that the defendant, Walter Copperfield, was so intoxicated that he could not think rationally and that he was incapable of forming an intent to steal said car, and to know, the result of his acts, or if you shall have a reasonable doubt in your mind as to whether he was incapable of forming a criminal intent and

of knowing the results of his acts, then and in that event you should acquit him."

Some other contentions are briefly discussed; all have had our attention. They are not of sufficient importance to require separate consideration.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.