# H. E. (JIMMIE) SMITH v. STATE.

No. A.-7843.   Opinion Filed May 16, 1931.
Rehearing Denied May 29, 1931.
(299 Pac. 243.)

Harry C. Hicks, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Harmon county of the unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for 90 days.

The evidence of the state was that they had a warrant for the arrest of defendant, charging the sale of intoxicating liquor to a minor, which is a felony; that defendant was rooming at the Hart Rooming House; that the officers went to the door of his room and opened the door and went in; that as they entered defendant was breaking pint bottles of whisky in the sink in his room; that there was a strong odor of whisky in the room, and five or six broken bottles in the sink with a small amount of liquor; that the officers arrested defendant and on a search of his room found a pint of whisky concealed in a trunk.

The defendant did not take the witness stand, and offered no evidence.

The only question of any importance raised by the defendant is presented by his motion to suppress the evidence.

In the absence of the jury, defendant offered evidence to show that the officers had a search warrant for a search of the Hart Rooming House and running against Minnie Hart, who was the proprietress. He also introduced the original warrant upon which he was arrested and the return thereof. The officers testified that they paid no attention to the search warrant as far as defendant was concerned; that the warrant for defendant's arrest, charging a felony, was issued on the 26th day of February, 1929; that they went to the Hart Rooming House to arrest defendant under said warrant on the 11th day of March, 1929, and arrested him before any search of his room was made.

In Yeager v. State, 43 Okla. Cr. 318, 278 Pac. 665, 666, this court said:

"Where a person is legally arrested for an offense, whatever is found upon his person or in his control, which may be used to prove the offense, may be seized and held for evidence in the prosecution."

The defendant having been legally arrested, the officers had a right to make the search, and the evidence obtained thereby was admissible in the trial of the case.

The evidence supporting the verdict of the jury, and, the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.