### JAMES JAMISON v. STATE.

No. A-8212.   Jan. 15, 1932.
(7 Pac. [2d] 171.)

60

J. M. Hill, for plaintiff in error.

J. Berry, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Mayes county of theft of an automobile and was sentenced to serve a term of 7 years in the state penitentiary.

The prosecution is under section 2120, Comp. St. 1921. Defendant was represented by counsel appointed by the court. The record was furnished, and the appeal taken as a pauper. No briefs in support of the appeal nor for the state have been filed. In accordance with the rule of this court, where no briefs in support of the appeal have been filed, this court will examine the record to ascertain if the evidence supports the judgment, and if any jurisdictional or fundamental error occurred at the trial. The record discloses that, at the time charged, defendant, in the town of Salina, drove an automobile belonging to another from where it was parked near a church, a distance of about a half mile, to a filling station, where he was arrested, and the car recovered. The defense was that defendant at the time was so intoxicated he was incapable of having the essential intent. The court submitted the issue to the jury. Its verdict on this point is not supported by the evidence, but is against practically all the evidence. The testimony, both for the state and the defendant, is that defendant at the time was maudlin drunk.

In the afternoon preceding he was intoxicated. A few minutes before the car was taken he met some persons near the church; he was drunk, staggering, and wanted to fight with them. When he arrived at the filling station he did not want any servicing for the car, but immediately engaged in a drunken quarrel, and sought to fight with the attendant. He then started the car and ran it against and tore down and wrecked one of the gasoline pumps. The attendant then pulled him out of the car and held him until an officer arrived. There is other evidence on this point which clearly shows defendant at the time charged was so intoxicated that he was irrational and not capable of forming an intent to steal. His own testimony and acts and conduct refute the claim that he intended to convert the car to his own use and benefit. The law is well settled in Huffman v. State, 24 Okla. Cr. 292, 217 Pac. 1070, and other cases. On the record before us, this conviction cannot be permitted to stand.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.