JOHN SHERWOOD v. STATE.

No. A-8647.   Feb. 16, 1934.
(30 Pac. [2d] 197.)

A. V. Dinwiddie, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of a second and subsequent offense of a violation of the prohibition laws, and sentenced to pay a fine of $300 and imprisonment in the state penitentiary for a year and one day, and appeals.

The testimony in this case shows that defendant was intoxicated on the streets of Cushing, Payne county, Okla., in front of the Cherry Rooms that defendant and his wife were operating; that defendant got in his car, and asked W. F. Stroup, who was a police officer of the city of Cushing, to get in the car with him; he would start the motor of his car and the officer would turn it off. The officer looked back in the car between the two seats and saw a grip containing four glass jars of whisky; the defendant was arrested and taken to the city jail; the officers searched his car and found two gallons of whisky in the trunk of the car.

Before proceeding with the trial the defendant moved to suppress the evidence on the ground that it was unlaw-

fully secured by the officers, as they did not have a search warrant to search his car, or a warrant for his arrest, which motion was overruled and defendant duly excepted.

The defendant offered no proof. The defendant, among other cases to sustain his contention, cites the case of Rambo v. State, 38 Okla. Cr. 192, 259 Pac. 602. On a careful reading of this case we find that the facts in the Rambo Case are not similar to the facts in this case, that this court has repeatedly held that when a person is lawfully arrested by an officer without a warrant for an offense committed or attempted in his presence, the officer may take from the immediate person of the person arrested the tools, implements, papers, and instrumentalities which have been or manifestly may be used to commit the crime for which such person is arrested, and the seizure of such instrumentalities is not in violation of the Bill of Rights (Const. art. 2, § 30) against such search and seizures. In this case the proof shows the defendant was intoxicated upon the streets of the city of Cushing, and the officers had a right to arrest him without a warrant.

In Smith v. State, 51 Okla. Cr. 119, 299 Pac. 243, this court in the syllabus said:

"Where a person is legally arrested for an offense, whatever is found upon his person or in his control, which is unlawful for him to have and which may be used to prove the offense, may be seized and held for evidence in the prosecution."

When the officers found the defendant on the streets of the city of Cushing in an intoxicated condition, they had the right to arrest him and then search his person, or his car. The evidence is sufficient to sustain the judgment. The court did not err in overruling the motion of the defendant to suppress the evidence. There are no er-

rors in the record warranting a reversal. The defendant seems to be a chronic violator of the law. The judgment is sustained by the evidence, and the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.