### LESTER CALVERT v. STATE.

No. A-8616.   March 9, 1934.
(30 Pac. [2d] 717.)

Karl D. Cunningham, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Lester Calvert, hereinafter referred to as defendant, was convicted in the district court of Kingfisher county of the crime of stealing a calf and, after the jury had failed to agree upon the punishment, was

sentenced by the court to imprisonment in the state penitentiary for a term of two years.

There is practically no controversy as to the facts, so far as the stealing of the calf is concerned. It is undisputed that on or about the 23d day of February, 1932, one Charley Ray, a farmer living in Columbia township, Kingfisher county, had a calf stolen from a pasture; that a day or two later the hide of this calf was found buried on the farm of defendant, which is located about three and a half miles from where the calf was stolen; that at the same time there was also found in defendant's smokehouse two quarters of this same calf; and that some of the meat was found being cooked in defendant's house. It is undisputed that this calf was taken by defendant and one Jack Dodd to the premises of defendant, where the same was butchered.

The defense is that defendant was so intoxicated at the time of the taking of the calf as to be unable to form an intent to steal the same. Dodd was jointly charged with defendant, but up to the time of the trial had not been apprehended.

Defendant claimed it was Dodd who performed the manual act of taking the calf from the pasture, loading it into defendant's wagon, taking it to defendant's home, and there butchering it; that defendant during all of said time was so drunk he did not know anything about it. He introduced some evidence that on that day he had been drinking heavily of whisky; that the calf was brought to his house about 10 o'clock at night; that at that time defendant was dead drunk and Dodd and others helped carry him into his house and put him to bed; that the calf was butchered by Dodd and others at a time when defendant was in bed and knew nothing about it.

To secure a reversal of this case, defendant relies on the recent case of Jamison v. State, 53 Okla. Cr. 59, 7 Pac. (2d) 171, where this court said:

"Larceny involves a felonious intent, and if one takes property while so much under the influence of intoxicating liquor as not to know what he is doing he will not be deemed to have taken the property with felonious intent."

There appears to be a marked difference between the facts of the case at bar and those in the Jamison Case. In that case defendant was apprehended in the very act of asporting a stolen automobile. He was in a very drunken condition, and there was really no dispute in the evidence as to the fact of intoxication to such a degree as to deprive defendant of knowledge of what he was doing.

In the case at bar, however, there is an appropriation by this defendant of this calf to his own use and benefit. He had practically half of it stored in his smokehouse. He had some of the meat cooking on his stove and the hide buried on his premises at the time the officers made the arrest, two days after the calf was stolen. At that time, while sober, he denied to the officers any knowledge of the hide, or having any of the meat on his premises.

Charley Ray also testified that after defendant was arrested and brought to Ray's place, he said they would not have taken it if he had known it was Ray's calf. Ray's testimony discloses that this calf was about five months old and weighed between four and five hundred pounds. The inference would therefore be that it would require more than one person to load this calf in defendant's spring wagon. The evidence further is that defendant and Dodd went toward Ray's pasture in defendant's spring wagon and a couple of hours afterward returned to defendant's home with the dead calf in the wagon. After

defendant had been enlarged on bail, he attempted to settle with Ray for the calf and also, in the presence of A. W. Duggan, undersheriff of Kingfisher county, said he "got it" and that he "wanted to settle for it." At no time prior to his trial did defendant make any claim that he was intoxicated at the time he assisted in the commission of the offense.

The state relies upon Derrisaw v. State, 29 Okla. Cr. 377, 234 Pac. 230, where the court entered into a fuller discussion of the question of intoxication.

In Huffman v. State, 24 Okla. Cr. 292, 217 Pac. 1070, this court said:

"On the trial of an information for grand larceny, the mental condition of the defendant, from the effect of intoxicants, is for the jury upon the question of felonious intent."

Where there is a conflict in the evidence on this question, this court will not substitute its judgment for that of the jury where it finds against defendant on that issue.

Upon the whole record, there appears to be no merit in defendant's contention.

The case is therefore affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.