# WESLEY WEBER v. STATE.

No. A-8672.   May 25, 1934.
(33 Pac. [2d] 232.)

John F. Pendleton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson and J. H. Lawson, Asst. Attys. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Nowata county of assault with intent to kill and was sentenced to serve a term of one year in the state penitentiary.

At the time charged, defendant, armed with a pistol, went to the residence of his tenant, one Wilson, with whom he had had some prior difficulty.   He was in a state of intoxication or partial intoxication and engaged in a quarrel with Wilson and ordered him to leave the premises within thirty days.   As Wilson started into his house, de-

fendant shot at him three times, barely missing him. A jury was waived and the cause was tried to the court. Defendant testified he was intoxicated to the extent that he had no memory whatever of the shooting. The evidence of the state is also that defendant was intoxicated.

This court in numerous cases has considered the fact or claim of intoxication as a defense or mitigation of crime. It was first discussed in Miller v. State, 9 Okla. Cr. 55, 130 Pac. 813, in which case accused was convicted of manslaughter. The court disposed of the contention by saying there was no error in refusing a requested instruction since an intent was not an essential element in the crime of manslaughter. In Cheadle v. State, 11 Okla. Cr. 566, 149 Pac. 919, L. R. A. 1915E, 1031, a murder case, it was in effect held that where the accused committed the homicide while so intoxicated he was incapable of forming a premeditated design; that the inability to form an intent would reduce the offense from murder to manslaughter; and that where there was evidence of intoxication of defendant to the extent of depriving him of the mental capacity to deliberate or premeditate, the question of intoxication should be submitted to the jury. To the same effect is Tubby v. State, 15 Okla. Cr. 496, 178 Pac. 491. In a later case, Chambers v. State, 16 Okla. Cr. 238, 182 Pac. 714, this court, in substance, held that where a premeditated design to take life had been formed prior to the homicide and the homicide was unprovoked at the time by any cause sufficient to reduce it to manslaughter, the intoxication of accused did not affect the degree of homicide. That is, a design formed prior to the homicide is not wiped out by the fact of intoxication at the time of the homicide. See, also, Buck v. State, 16 Okla. Cr. 356, 182 Pac. 913; Collier v. State, 17 Okla. Cr. 139, 186 Pac. 963, 12 A. L. R. 839. The defense of intoxication has also

been considered in cases of larceny. Huffman v. State, 24 Okla. Cr. 292, 217 Pac. 1070; Derrisaw v. State, 29 Okla. Cr. 377, 234 Pac. 230; Copperfield v. State, 37 Okla. Cr. 11, 255 Pac. 590; Jamison v. State, 53 Okla. Cr. 59, 7 Pac. (2d) 171. In view of section 1798, Okla. St. 1931, this court has announced a liberal rule, probably too liberal.

In the instant case the evidence of intoxication is sufficient to raise the issue and, if tried before a jury, would have required an instruction on the question, but as it was submitted to the court without the intervention of a jury, the judgment of the court is equivalent to a verdict by the jury finding against defendant on this issue. We cannot say the trial court, from defendant's actions and conduct and the testimony of the witnesses, was not fully justified in finding the intoxication of defendant was not to that degree which rendered him incapable of forming the essential intent, and in finding that at the time defendant shot the prosecuting witness he had an intent to kill.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.