**Mary Kathryn JONES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14024.**

Court of Criminal Appeals of Oklahoma.

April 12, 1967.

Sid White, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Mary Kathryn Jones was charged, tried and convicted for the crime of Grand Larceny and from judgment and sentence fixing her punishment at three (3) years in the

State Penitentiary, a timely appeal has been perfected to this Court.

On appeal there are three assignments of error, which we will consider in the order in which they were presented in the briefs of the respective parties.

The first assignment of error is "That her trial was not presided over by any duly elected and qualified judge."

■ The trial judge, John A. Brett, was a Supernumerary Judge. This position was authorized and created under 20 O.S.1961, § 921, 20 O.S.1965, Supp. § 922, and 20 O.S.1961, §§ 923–925. Plaintiff in Error alleges that these statutes are in contravention of Article VII, Section 9 of the Oklahoma Constitution.

The State contends this is an erroneous interpretation of the statutes. 20 O.S.1961, § 923 clearly says, "A Supernumerary Judge shall have the duties and exercise the authority of the office to which he is assigned * * *." Thus, it was stated and intended by the Legislature that Supernumerary Judges were not to *be* District Judges, but were to "have the duties and exercise the authority" of District Judges.

■ That the Legislature has the power, if not limited by constitutional provision, to provide for special judges is established law. At 48 C.J.S. Judges § 99, it is stated:

"By virtue of constitutional or statutory provisions, a person other than the regular judge may exercise the judicial functions of his court whenever * * * the grounds provided for by law exist. Whenever such person is authorized to act in place of the regular judge, the court is properly constituted."

The Oklahoma Supreme Court has held in a syllabus of Dobbs v. Board of County Commissioners of Oklahoma County, 208 Okl. 514, 257 P.2d 802:

"Our constitution vests in the legislature the supreme power to enact laws to meet the needs of the State, and its acts should be upheld unless plainly and clearly within

the express prohibitions and limitations fixed by the constitution."

There is not a constitutional restriction on the Legislature forbidding or pre-empting establishment of a method of selection of special judges; therefore, the legislative enactment challenged by Plaintiff in Error is clearly constitutional.

■ Plaintiff in Error's second assignment of error is "That the witnesses were required to place their left hands upon a New Testament when sworn and thereby a religious test was injected into the trial." Counsel for Plaintiff in Error then cites 12 Okl.St.Ann. § 401, which reads:

"Before testifying, the witness shall be sworn to testify to the truth, the whole truth and nothing but the truth. The mode of administering an oath shall be such as is most binding on the conscience of the witness."

We observe that this statute does not dictate the mode of administering the oath.

At 98 C.J.S. Witnesses § 320b, it is said:

"Where a witness takes an oath administered in the usual manner without objection, he may be presumed to have intended that his conscience shall be bound thereby, and on appeal it will be presumed that the trial court caused the witness to be sworn in the manner most binding on his conscience, unless it appears that some other method was insisted on by the witness or opposing counsel as most likely to accomplish that object."

Plaintiff in Error did not object, nor did the witness object to being sworn to testify by the use of a Bible at the time the oath was administered. The State contends that whatever the mode of administering the oath, this would have been a mere harmless error under 22 O.S.1961, §§ 1068 and 1273, and was not prejudicial error to the Plaintiff in Error. The State, in its brief, points out that it certainly was not reversible error in this case because the witness on which the Plaintiff in Error bases her

contention, testified at page 55 of the casemade, to belonging to the Methodist Church, an institution which professes the christian faith. We feel that the witness felt conscience-bound by the oath as it was administered.

■ Plaintiff in Error thirdly contends "That the plaintiff was convicted entirely upon evidence obtained by an unconstitutional search of her person." Counsel refers to the cases of Escobedo and Miranda "compelling persons in custody to furnish oral evidence of their own guilt."

We are of the opinion that the cited cases have no application where a search is incident to a lawful arrest.

Title 22 O.S.1961, § 1342 reads as follows:

"Any peace officer may arrest without warrant any person he has probable cause for believing has committed larceny of merchandise held for sale in retail or wholesale establishments, when such arrest is made in a reasonable manner."

Plaintiff in Error further contends that since the arrest was wrongful that the evidence obtained by the subsequent search of her person was wrongful. We are of the opinion that there was a valid arrest, and we have repeatedly held that:

" 'Where a person is legally arrested for an offense, whatever is found upon his person or in his control, which may be used to prove the offense, may be seized and held as evidence in the prosecution.' " Love v. State, 49 Okl.Cr. 7, 292 P. 882.

See also Smith v. State, 51 Okl.Cr. 119, 299 P. 243; Jamison v. State, 53 Okl.Cr. 59, 7 P.2d 171; and Sherwood v. State, 55 Okl.Cr. 285, 30 P.2d 197.

We are of the opinion that the Plaintiff in Error had a fair and impartial trial before a properly constituted court, that witnesses were properly sworn, that the issues were properly submitted, that the evidence supports the verdict, and that all constitutional and statutory rights of the Plaintiff in Error were protected.

For all of the foregoing reasons, the judgment and sentence appealed from is affirmed.

Tom BRETT, J., and NIX, P. J., concur.