# GEORGE MARTIN v. STATE.

No. A-5960.  Opinion Filed May 22, 1926.
(246 Pac. 647.)

J. W. Mansell, for plaintiff in error.

Geo. F. Short, Atty Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Roger Mills county on a charge of rape in the first degree, and sentenced to serve a term of 25 years in the state penitentiary.

The evidence discloses that on the 12th day of August, 1925, defendant, who was 25 years of age, took the prosecutrix, Daisy Lacey, who was 18 years of age, home from a country dance, a distance of about 15 miles. On

the trip two acts of intercourse were accomplished. Upon the trial the prosecuting witness testified that they were by force, overcoming her resistance. There were some circumstances tending to corroborate her testimony as to force, and some circumstances which indicated that the acts of intercourse were with her consent. She testified that the act was accomplished in the front seat of a Ford coupe in such manner as to render her testimony on this point rather improbable. But, considered as a whole, the evidence sustains the verdict.

After judgment and sentence, an appeal was regularly taken. At the next term of court, after the trial, a supplemental motion for a new trial on the ground of newly discovered evidence was filed as provided in section 2755, Comp. St. 1921. This motion was also overruled by the court. The motion and affidavits in support thereof, and the order of the court thereon, were duly brought up by supplemental petition in error and case-made.

Defendant has presented and argued various assignments of error, which, in the main, are directed to the sufficiency of the evidence and the weight and credibility to be given to the testimony of the witnesses. Incidental complaint is made of errors occurring at the trial. None of these present any error prejudicial to the defendant which would require a reversal or which call for any extended consideration.

Upon the supplemental petition in error and case-made, however, there is assigned error of the court in overruling the supplemental motion for a new trial on the ground of newly discovered evidence. This motion, in substance, states that at and prior to the trial, on account of the hostility of the family of prosecutrix to defendant, and the fact that she was under the control of her relatives, he was unable to talk with her or to know

what her testimony would be; that her testimony was false, and he was unable to know this prior to trial, and unable to show its falsity until March 1, 1926, at which time his attorney was apprised of the facts, and received affidavits from prosecutrix which constitute newly discovered evidence, material to the case, and which contradict in large part her testimony, and would probably change the result of the trial. Attached to this supplemental motion is an affidavit of prosecutrix, Daisy Lacey, executed before a notary public of Jackson county, Mo. This affidavit, while not directly stating that her former testimony was false, does so in effect. It states that the acts of intercourse testified to were with her consent, and with the expectation of a marriage between her and defendant; that her testimony at the trial did not disclose the real relation between her and defendant, and was brought about in large part by threats made by her father and brother to kill defendant if she married him, and for the purpose of protecting defendant from bodily harm; that she is pregnant by defendant; that they have intended to be married; that she now expects to marry him. Four other affidavits are attached showing the free and voluntary character of the statement and affidavit of prosecutrix. This affidavit is not contradicted by the state.

It would be a dangerous rule to allow, generally, a conviction to be overturned by the ex parte affidavit of a witness that he committed perjury in the trial of the case. Ryal v. State, 16 Okla. Cr. 266, 182 P. 253. If the filing of such an affidavit were generally recognized as a sufficient ground for a new trial as newly discovered evidence, we should see convicted criminals pursuing witnesses who had testified against them endeavoring to procure affidavits impeaching their own testimony. Here, however, the conviction depends entirely on the testimony of the prosecutrix that the act of sexual intercourse

was accomplished by force, overcoming her resistance. The relative ages of the defendant and the prosecutrix and the surrounding circumstances and the manner in which the act of intercourse was accomplished are such that slight evidence of falsity is sufficient to discredit her testimony. Her affidavit in support of the supplemental motion for a new trial is more reasonable than her oral testimony upon which the conviction is based. We are impelled to the belief that her oral testimony that the intercourse was accomplished by force is false, and that the verdict should not be permitted to stand. 20 R. C. L. p. 299, § 80; People v. Shilitano, 218 N. Y. 161, 112 N. E. 733.

The case is reversed and remanded, with directions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.