Morris Edgar EDMONDSON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–432.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1974.

Jim McClendon, Broken Bow, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Defendant, Morris Edgar Edmondson, Jr., was convicted by jury verdict in the District Court, McCurtain County, for the offense of Child Beating in violation of the provisions of 21 O.S.1971, § 843 (Case No. CRF–73–161). From the evidence adduced at trial, the jury found defendant guilty of injuring three month old Sonya Michele Wilson on the 25th day of Octo-

ber, 1973, by means of physical abuse. In accordance with the verdict his punishment was fixed at imprisonment in the State penitentiary for a period of four (4) years. Defendant appeals said judgment and sentence to this Court raising four propositions of error.

Testimony at trial revealed that Francine Wilson, the child's mother, had her custody at the time of the incident and that for approximately one month before the incident of abuse occurred, she and the defendant had been living together just southeast of Idabel.

Called as a witness for the State, Francine Wilson testified that at approximately 9:00 a. m. on October 25, 1973, the defendant assaulted her and her infant daughter. Essentially she related that shortly after getting out of bed, the defendant started "hollering" at her and the child and then proceeded to hit them repeatedly. According to Mrs. Wilson, the defendant abused the baby by: Mashing her stomach with his hands; biting her arm and twisting it so severely that he caused it to break; running hot water over her unprotected body; and hitting her with his hands, fists and belt. Mrs. Wilson recounted that when the defendant went into the bathroom, she grabbed her daughter and ran out of the house with her, but that the defendant caught her at the end of the driveway and dragged her back into the house where he began hitting her again.

Mrs. Wilson stated that the entire incident probably lasted an hour and a half to two hours and that when the defendant finally left the house she took the child and went to a neighbor's home for help. State's exhibits one through six were identified by Mrs. Wilson as photographs taken of her daughter and herself at the police station following the incident. She testified that the photographs accurately depicted their physical appearance following the assault.

Dr. W. T. Brinson testified that he examined Sonya Wilson on October 25, 1973, in his office in Idabel. On direct exami-

nation he testified that his examination took place at approximately 10:00 in the morning but on cross-examination he agreed that the time of the examination could have been around 3:00 or 4:00 in the afternoon. His examination of the infant revealed large hematomas on both the left and right sides of the head, left knee and the left ear. A large edematous area was seen on the right cheek bone. The doctor testified that her right ulna (bone in forearm) was fractured and that teeth marks were present on her right forearm. The doctor also observed that the child was dehydrated and malnourished. Dr. Brinson testified his examination revealed no evidence of the child having been beaten with a belt nor was there any evidence that would indicate she had been burned. An x-ray of her chest was negative. The doctor's examination of the infant revealed no bowel obstruction which is indicative of the squeezing of the abdomen described in the mother's testimony. In Dr. Brinson's opinion, if a man had struck a child of this size on the head with his fist, the child's skull would probably have been fractured or even crushed.

The defendant testified in his own behalf and denied that he had abused Sonya and caused the injuries she received. He testified that he and Francine had been arguing that morning and that he was very angry. He stated that he had spanked the baby once on the buttocks with his open hand but that that was the only time he touched her. He explained that he had spanked the child in an effort to make Francine angry.

■ Defendant's first assignment of error concerns the admission of State's exhibits one through six, the photographs referred to above. Defendant argues that the photographs were not relevant to any fact in issue as defendant did not deny that Sonya was injured, only that he was responsible for the injuries. Defendant contends that the photographs had no purpose other than to arouse the prejudice of the jury. Defendant particularly complains

about the introduction of State's exhibit No. 4, which shows Francine Wilson holding her child, as that photograph reveals certain injuries to Francine Wilson. We have carefully considered the authorities cited by defendant, examined the photographs and the testimony given concerning them, and conclude that their introduction was not improper. Although Francine Wilson was shown in one of the photographs, no testimony concerning the extent of her injuries was given at trial.

▇ The record supports the judgment of the trial court that the photographs were relevant to certain issues before the court. The extent and type of injuries sustained by the child had been the subject of conflicting testimony by the witnesses and the photographs bore directly on this point. The photographs were identified by the witnesses as being an accurate depiction of the child's physical condition and we do not find the photographs to be gruesome or inflammatory.

▇ The admissibility of a photograph into evidence in a criminal case is a matter addressed to the sound discretion of the trial court. See, McNutt v. State, Okl.Cr., 288 P.2d 418 (1955). In our recent decision of Vavra v. State, Okl.Cr., 509 P.2d 1379 (1973), we stated that:

"When a photograph is shown to be a faithful reproduction of whatever it purports to reproduce, it is admissible in evidence as an appropriate aid to the jury in applying the evidence, where the photograph relates to persons, things, or places." at 1386

Under the circumstances of the instant case, we do not find that the trial judge abused his discretion in admitting the photographs.

▇ Secondly, defendant complains that the trial judge erroneously prevented defendant from conducting a full and complete voir dire examination of the jury. The defendant does not set forth any explanation of the substance of his argument nor does he offer an indication of the injury that this alleged error caused the defendant to suffer. The voir dire is not included in the record and no explanation of the absence is presented.

The Attorney General is correct in his contention that this situation is squarely within the guidelines set forth by this Court in Landrum v. State, Okl.Cr., 486 P.2d 757 (1971), wherein we stated:

"It has long been the rule of this Court that unless the voir dire or other court proceedings are transcribed by the court reporter and are contained in the record there is nothing for the Court to review.

\* \* \* \* \* \*

"Insofar as defendant has failed to show error coupled with injury, and how he might have been prejudiced thereby, this complaint is not sufficient to cause reversal of this conviction." at 759

Accordingly, this proposition is dismissed as lacking in merit.

▇ For his third proposition of error, defendant argues that evidence of a separate and distinct offense was improperly permitted to come before the jury through Francine Wilson's testimony concerning the defendant's assault of her. In support of his proposition defendant relies on the well recognized principle of law enunciated in our decision of Roulston v. State, Okl.Cr., 307 P.2d 861 (1957) that:

"[W]hen the accused is put on trial for one offense he is to be convicted, if at all, by evidence which shows him guilty of that offense alone and proof of one or more similar offenses unconnected for which he is on trial must be excluded. The foregoing rule is fundamental. This court has so expressed itself many times." (Citations ommitted) at 867

This general rule is of course a true statement of the law and this rule of exclusion, in most instances, prohibits the introduction of evidence of an accused's commission of other crimes prior or subsequent to the offense for which he is on trial. However, where proof of one offense forms the res gestae, such as in the instant case, the

evidence is not inadmissible when it tends to prove defendant's guilt of the offense on trial although it may also prove him guilty of another offense.

A clear and concise statement of this rule is set forth in 22A C.J.S. Criminal Law § 663:

"Evidence of another and distinct crime is admissible where it was committed as part of the same transaction and forms part of the res gestae. Stated in another way, the rule is that acts which are res gestae are admissible, even though they may show the commission by accused of another crime or other crimes. Where, however, the commission of the other crime was so separated in time, place, or circumstance from that of the crime charged as not to constitute a part of the res gestae, evidence of it is not admissible unless it is brought within one of the other exceptions to the rule excluding evidence of other offenses . . . ."

In Swarb v. State, Okl.Cr., 358 P.2d 850 (1961), this Court quoted the following language from Beam v. State, 18 Okl.Cr. 529, 196 P. 720, 723 (1921) which is also applicable to the case at bar:

" 'It is also contended that the trial court erred in permitting the witness Betty Barnett (Deer) to testify that Albert Fisher shot at and wounded her.

" 'This evidence was admissible as part of the res gestae, the record disclosing that the shooting of the witness Barnett by Fisher was so interwoven with the assault made by Fisher and Beam upon the deceased, Deer, as to form merely a part of an integral transaction, covering a very limited period of time, without definite interruption, so that proof of the nature of the assault made upon Deer could not have been fully made without developing the fact that the witness Barnett was injured by one of the bullets fired from a pistol in the hands of Fisher.

" 'Under such circumstances, we deem the evidence complained of part of the res gestae, and for that reason competent. . . .' " (Citations omitted) at page 853

In accord see also, Michelin v. State, 66 Okl.Cr. 241, 90 P.2d 1081 (1939) and Boyer v. State, 68 Okl.Cr. 220, 97 P.2d 779 (1940).

■ Francine Wilson's testimony reflected that the defendant's hitting her took place simultaneously with his battering of the child. It is the opinion of this Court that these offenses were so inseparable that proof of the offense on trial necessarily involved proof of the other offense and the testimony complained of was therefore competent and admissible.

■ Defendant lastly argues that the trial judge erred in denying his application for a new trial. Subsequent to trial defendant filed an affidavit signed by Francine Wilson stating that she had testified untruthfully at defendant's trial. The affidavit states as follows:

"Francine Wilson, being first duly sworn on oath, states:

"(1) That I was the prosecuting witness in Case No. CRF–73–161 wherein Morris Edgar Edmondson was the defendant and was charged with the crime of Child Beating. That I testified at said trial concerning the injuries inflicted upon my child, Sonia Wilson. I testified at the trial that Morris Edgar Edmondson, Jr., Eddie Edmondson, beat my child, Sonia Wilson, causing said child injury. I did not testify truthfully. I was emotionally upset and did not know what I was saying. I lied at the trial about the injuries my child suffered and how they were caused and who caused the injuries."

At the hearing on the motion for a new trial, defendant presented no evidence other than the above affidavit and he offered no testimony to substantiate the affidavit. His motion for new trial upon the ground of newly discovered evidence was overruled.

Title 22 O.S.1971, § 952 governing applications for new trials provides in relevant part as follows:

"A court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only:

\* \* \* \* \* \*

"Seventh. When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial, or when it can be shown that the grand jury was not drawn summoned or impaneled as provided by law, and that the facts in relation thereto were unknown to the defendant or his attorney until after the trial jury in the case was sworn and were not of record. When a motion for a new trial is made on the ground of newly discovered evidence, the defendant must produce at the hearing in support thereof affidavits of witnesses, or he may take testimony in support thereof . . . ."

Essentially the defendant argues that since he presented an affidavit to the court which evidenced the falsity of the testimony given by the prosecuting witness, he complied with 22 O.S.1971, § 952 and the trial court should therefore have granted his application for new trial. It is the opinion of this Court that defendant's motion for new trial upon the ground of newly discovered evidence based only on the above quoted affidavit did not present sufficient evidence to justify the trial court in granting the defendant's application.

Assuming arguendo that the affidavit is entirely truthful, it presents no facts which would exculpate the defendant in a new trial. The trial judge was presented with the bare affidavit which gave no indication of what, if any, facts that would be shown by the testimony of the witness at a new trial and no testimony was given in support or in explanation of the affidavit. In the Court's syllabus in Hutchinson v. State, Okl.Cr., 274 P.2d 74 (1954), we stated:

"Before a trial court would be justified in granting a new trial on the ground of newly discovered evidence, the accused must produce his witnesses and take their testimony at the hearing on the motion for a new trial or attach to his motion the affidavits of said witnesses *showing the facts to which the alleged witnesses would testify.*" (emphasis added)

See also, Fryar v. State, Okl.Cr., 385 P.2d 818 (1963).

Defendant's reliance on the case of Martin v. State, 34 Okl.Cr. 274, 246 P. 647 (1926), is obviously misplaced as there the affidavit executed by the prosecuting witness set forth in full the true facts which would have been shown upon a new trial of the cause.

For the above and foregoing reasons, it is the opinion of this Court that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., and BRETT, J., concur.